Argued February 9, decided February 27, rehearing denied March 26, 1912.

## WHITCOMB *v.* TOWN OF MILWAUKIE.

[121 Pac. 432.]

BOUNDARIES—ESTABLISHMENT—EVIDENCE.

Evidence in a suit to enjoin improvement of a street, once a county road, as relocated because of the line having been lost, *held* to show its center line to have been the true north boundary of a donation land claim, rather than as fixed by the surveyor.

From Clackamas: JAMES U. CAMPBELL, Judge.

This is a suit by Rose Whitcomb, Kate L. Charman, Dora Conklin, Hattie B. Wissinger and Robert Bonnet

against the Town of Milwaukie, a municipal corporation, Philip Streib, as its mayor, John R. Kelso, W. F. Lehman, Warren Knight, and C. T. Stockton, as its councilmen, and W. H. Counsel, who had secured a contract for improving a street in the town, to enjoin an alleged threatened trespass.    From a decree dismissing the suit, the plaintiffs appeal.                                    REVERSED.

For appellants there was a brief over the names of *Messrs. Dimick & Dimick* and *Mr. William Hammond,* with an oral argument by *Mr. Grant B. Dimick.*

For respondents there was a brief and an oral argument by *Mr. Livy Stipp.*

MR. JUSTICE MOORE delivered the opinion of the court.

The evidence shows that plaintiffs own in Milwaukie about five acres of land, the north boundary of which is 11.68 chains, and for that distance should coincide with the north limit of the Lot Whitcomb donation land claim in Clackamas County.   A building was erected on this land, near the north line, in the year 1852, when a dam was constructed across a small creek whereby ·a head of water was raised forming power, with which, since that time, a tannery has been operated in the building. A petition was filed in the county court of that county April 4, 1877, for the location of a county road, beginning at a designated point and running thence west by the most practicable route "to the northeast corner of the Lot Whitcomb donation claim, thence westerly along . the present traveled road until it intersects the Portland road by Packer's shop."   Viewers and a surveyor were thereupon appointed who examined and measured the proposed route, the field notes showing that the survey was commenced at the eastern end, and thence by course and distance to the northwest corner of such donation claim, and thence west to an "angle post on N. boundary of Whitcomb claim."   The report of the viewers was

approved, and the county court made an order declaring the road recommended to be a public highway.

There was filed in the county court May 7, 1884, another petition, wherein it was stated that the marks at the west end of such road had become obliterated, and that it was necessary to re-establish the highway. Viewers were thereupon appointed who examined the part of the road designated and in their report the relocation of the highway was recommended. N. W. Randall, a surveyor who accompanied the viewers, filed notes of the survey which, omitting witness trees, etc., are as follows:

"Commencing in the middle of Main street and Portland road, in the town of Milwaukie, at a rock, * * running thence N. 80 degrees E. along the center of the street 12.24 chains, to a stone; * * thence N. 13 degrees E. 2.39 chains, to the bank of a small creek; * * thence N. ·50 degrees E. 1.65 chains, to angle No. 3 on N. boundary of Lot Whitcomb's donation land claim; thence east on claim line 47 chains to the N. E. corner of said claim."

It appears from the evidence that the southwest corner of the William Meek donation land claim is a point in the northern boundary of the Whitcomb claim nearly a mile west of its northeast corner. Surveyors discovered in February, 1910, the bearing trees marked to witness the southwest corner of the Meek claim, from which, that angle was accurately re-established. Extending the north boundary of the Whitcomb claim from its northeast corner so as to intersect the re-established corner of the Meek claim a point is reached in the line that is 27.67 feet north of what is supposed to be angle No. 3 of the road as surveyed by Randall. It is obvious that, when the highway was relocated in 1884, the surveyor must have taken for granted that the southwest corner of the Meek claim was located at a point farther south than it was subsequently ascertained to be by discovering the

original bearing trees, the difference in the course from the northeast corner of the Whitcomb claim being further north by 36 degrees than the point assumed. The line of the road as surveyed by Randall is understood to be 27.67 feet south of the true north boundary of the Whitcomb claim at a point near the northwest corner of plaintiff's land and at a less distance at their northeast corner. The council of Milwaukie on March 23, 1910, enacted an ordinance declaring a street known as Franklin should be designated as Harrison. Another ordinance was enacted May 10, 1911, providing for the improvement of Harrison street from the east line of Front street to a point 239.4 feet west of the northeast corner of the Whitcomb claim, thereby indentifying Harrison street as a part of the county road. Thompson Meldrum, the county surveyor, was employed by the town of Milwaukie to ascertain, if possible, the old monuments of the road survey. He began at Randall's initial point which he found, but did not discover any other certain marks of the former survey except at the northeast corner of the Whitcomb claim. A post in the northwest corner of plaintiffs' fence stood over what was thought to be the point indicated in Randall's field notes as angle No. 3. This fence, as we interpret the testimony, stands on or very near the line of the Randall survey, and the county road, which on plaintiffs' premises is about 15 feet in width, extends from angle No. 3 immediately westerly and north of the fence. Louis H. Campbell, the city engineer of Milwaukie, changed Meldrum's survey of Harrison street by moving the line 6.5 feet further north and making such line the center of the proposed improvements, which are specified to be 60 feet in width, thereby placing the south line of the street on plaintiffs' premises, cutting off a part of the tannery and impairing the pond. The contract to improve Harrison street was let to the

defendant Counsel, and to prevent a threatened encroach-ment upon the tannery property this suit was instituted resulting in a decree as hereinbefore indicated.

It is contended by plaintiffs' counsel that the field notes of the county road, as surveyed in 1877 and in 1884, respectively, having designated the center of the highway as the north limit of the Whitcomb claim, the northeast corner of which is properly marked on the ground, and the southwest corner of the Meek claim, having been re-established and duly evidenced, these two points constitute monuments which, being connected by a right line, it governs the center of Harrison street, and, this being so, an error was committed in dismissing the suit. It is maintained by defendant's counsel, however that a line can never form a monument so as to regulate distance in the call of a survey of land; that the center of Harrison street should properly be the line of the county road as originally surveyed upon or near which line plaintiffs' fence has been built; that moving the line to the north 6.5 feet, in order to do as little injury to property as possible, is to the advantage of the plaintiffs who cannot complain on account of the change by the city engineer; and that, as no adverse user of any part of the highway was averred in the complaint, no error was committed as alleged.

The writer hereof does not think a line, one end of which, for many years, was evidently understood to be located at a different point, can ever become a testimonial of a measurement. A monument is some tangible landmark established to indicate a boundary. A line, one end of which is movable, is not sufficiently definite to form the limit of real property. If visible objects are referred to in the field notes of a survey as forming angles or as constituting intermediate points of tangents, such ascertained and reported marks are the monuments, and not the line connecting them, the

remembrance of which they were designed to perpetuate, and for this reason the decree in · my· judgment should be affirmed.  A majority of the court, however, entertain the opinion that the north boundary of the Whitcomb donation land claim having been referred to and made a part of the description of the center of the county road, and that as no stakes or other memorials can now be found, except at the northeast corner of that claim, and in the street of Milwaukie, whereby the footsteps of the surveyors can be retraced with certainty, the intermediate points should be the north boundary of the claim, and that the re-established southwest corner of the Meek claim and the admitted northeast corner of the Whitcomb claim are monuments, which, being joined by a right line, such line controls the .distance in re-establishing angle No. 3 of the county road when no evidence of the former location of that point can now be discovered.  An attempt will therefore be made to set forth the determination of some of my Associates respecting the matter.

It will be remembered that the petition filed April 4, 1877, for the location of a county road extending from the northeast corner of the Whitcomb claim westerly "along the present traveled road," etc., implies that prior to that time.a public highway already existed on the. line indicated.  How long that road had been used is not disclosed by the evidence.  The act of Congress of September 27, 1850 (9 U. S. Stat. 496), created the office of Surveyor General for the territory of Oregon, provided for the survey of public lands, and granted donation claims to settlers in order to encourage colonization.  The tannery building having been erected in 1852 by plaintiffs' predecessors in title, they must then have known where the southwest corner of the Meek claim was located, for the premises could have been but recently surveyed, and such owners evidently put up

their structure with reference to a right line extending from such point to the northeast corner of the Whitcomb claim, and also to give one-half of "the present traveled road" referred to in the petition of 1877 immediately north of the tannery building.

For these reasons, the majority of the court believe the center of Harrison street should be made coincident with the corrected north boundary of the Whitcomb donation land claim. The decree will therefore be reversed and one entered here enjoining the defendants, their agents, and servants from extending the proposed improvement of Harrison street south of a line 30 feet south of and parallel with the corrected north boundary of the Lot Whitcomb donation land claim.

REVERSED: REHEARING DENIED.